IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | |
|---|---|
| MARIO ALVAREZ,<br><br>　　　　　Plaintiff,<br>v.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC<br><br>&<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>　　　　　Defendants. | **COMPLAINT**<br><br><br>Case No: 1:23-cv-394<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Mario Alvarez, by and through the undersigned counsel, and for his Complaint against Defendants, Credence Resource Management, LLC ("CRM") and Experian Information Solutions, Inc. ("Experian") (and together collectively, "Defendants") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

**JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because Plaintiff resides here, the acts and transactions occurred here, and CRM and Experian transact business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside

in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Hutto, a part of Williamson County, Texas 78634.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Hutto, a part of Williamson County, Texas 78634, making the Austin Division a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant CRM, a Nevada corporation headquartered in Dallas, TX, practices as a debt collector throughout the country, including Texas.

8. Defendant CRM attempts to collect alleged debts throughout the state of Texas, including in Hutto city and Williamson County.

9. Defendant CRM has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant CRM has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Hutto city and Williamson County and Defendant attempts to collect alleged debts throughout the state of Texas.

11. Defendant CRM knowingly attempted to collect on a debt allegedly incurred in Hutto, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

12. Defendant Experian, a California corporation headquartered in Costa Mesa, CA, practices as a debt collector throughout the country, including Texas.

13. Defendant Experian serves as a credit reporting agency of consumer credit throughout the state of Texas, including in Hutto city and Williamson County.

14. Defendant Experian has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant Experian purposefully availed itself to the jurisdiction in which Plaintiff resided.

15. Defendant Experian has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Hutto city and Williamson County and Defendant attempts to collect alleged debts throughout the state of Texas.

16. Defendant Experian knowingly reported information regarding a Plaintiff domiciled in Hutto, Texas and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

17. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

18. CRM's collection activities violated the FDCPA.

19. Defendants' credit reporting and/or failure to properly dispute information violated the FCRA.

20. Plaintiff has thus suffered an injury as a result of Defendants conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

21. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview

3

Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied her the right to information due to her under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

22. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

23. Plaintiff, Mario Alvarez (hereafter "Plaintiff"), is a natural person currently residing in Williamson County, in the state of Texas.

24. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

25. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

26. Defendant CRM is a Nevada corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal address at 17000 Dallas Parkway, Ste 204, Dallas, TX 75248.

27. CRM is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

28. CRM regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

29. Defendant Experian is a California corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

30. Defendant CRM is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

31. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Experian regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## **FACTUAL ALLEGATIONS**

32. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than CRM.

33. Upon information and belief, on a date better known by CRM, CRM began to attempt to collect an alleged consumer debt from the Plaintiff.

34. The alleged debt was said to be owed to AT&T.

35. That this alleged debt would only have been incurred for a personal line of credit and would have been only for personal or family purpose.

36. That this alleged account would have only been used for personal, family, or household purposes and would thus be a consumer debt.

37. The reporting of the alleged debt contains an inaccurate balance.

38. The reporting of the alleged debt contains an inaccurate status.

39. The reporting of the alleged debt contains inaccurate delinquency information.

40. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

41. That CRM was reporting the collection account on Plaintiff's credit report with Experian.

42. That CRM was voluntarily reporting the alleged collection account on Plaintiff's credit report with the credit reporting agencies.

43. CRM's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

44. On or about 02/03/2022, Plaintiff sent a dispute letter to Experian notifying the account with CRM as disputed. **Exhibit A.**

45. This letter provided notice of the inaccurate reporting to Experian.

46. Once Experian received notice of this letter, it was required to provide notice of such disputes and request for re-investigation to the furnisher, in this case CRM.

47. Upon information and belief, Experian received the letter sent by Plaintiff.

48. Upon information and belief, Experian transmitted notice of this dispute to CRM via an Automated Credit Dispute Verification form ("ACDV").

49. CRM was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

50. Alternatively, Experian failed to send notice of the dispute to CRM after receiving notice of the dispute from Plaintiff.

51. After receiving this notice, in any subsequent voluntary reporting, CRM must then include the dispute notation on said account.

52. On or about 05/16/2022, Plaintiff received an updated credit file from Experian. **Exhibit B.**

53. That the credit report was updated on 04/24/2022 by CRM.

54. That the updated 05/16/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Experian, and transmitted to CRM.

55. Alternatively, that the updated 05/16/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Experian after Experian failed to notify CRM.

56. That the updated 05/16/2022 credit report did not contain updated marked as disputed information.

57. Upon information and belief, the updated 05/16/2022 credit report contained inaccurate information.

58. CRM failed to investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the alleged debt.

59. CRM must have voluntarily updated the Plaintiff's alleged account by communicating with Experian.

60. That CRM furnished information to Experian regarding Plaintiff's account without notifying them the account had been disputed by consumer, even after receiving notice by Experian of the dispute.

61. That CRM failed to update the account information and mark the account as disputed on the updated 05/16/2022 credit report after Plaintiff disputed the account on 02/03/2022 and was given notice of such by Experian.

62. In the alternative, if CRM properly updated the account information and marked the account as disputed with Experian after receiving notification of dispute from Plaintiff, then Experian

failed to update the account information and mark the account as disputed on the updated 05/16/2022 credit report.

63. Upon information and belief, that CRM never properly updated the account information or marked the account as disputed even after receiving information of the dispute from Experian.

64. Alternatively, Experian never updated the account information and marked the account as disputed even after receiving information of the dispute remark from CRM in its subsequent voluntary reporting or via a response to an Automated Credit Dispute Verification ("ACDV") request.

65. All of CRM's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

66. All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

67. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the CRM and/or Experian.

68. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by CRM and/or Experian.

69. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by CRM and/or Experian.

70. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

71. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of CRM

and/or Experian.

72. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

73. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

74. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75. That because Plaintiff disputed the debt, CRM, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

76. CRM used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt

is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

77. CRM's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

78. CRM violated the Plaintiff's right not to be the target of misleading debt collection communications.

79. CRM violated the Plaintiff's right to a truthful and fair debt collection process.

80. CRM's communications with Plaintiff were deceptive and misleading.

81. CRM used unfair and unconscionable means to attempt to collect the alleged debt.

82. CRM's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to CRM's collection efforts.

83. CRM's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

84. CRM's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding his situation.

85. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

86. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of CRM's conduct.

87. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. CRM's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

88. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

89. Defendant CRM's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mario Alvarez, prays that this Court:

A. Declare that CRM's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Mario Alvarez, and against CRM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse**

90. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

91. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

92. CRM's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

93. CRM attempted to coerce Plaintiff into paying an alleged debt he otherwise would not have paid by submitting false and inaccurate information to his credit report.

94. CRM could have no other purpose in doing this except to harm Plaintiff's reputation and deprive him of his ability to receive any type of credit line unless he paid the alleged debts.

95. Defendant CRM's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mario Alvarez, prays that this Court:

A. Declare that CRM's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Mario Alvarez, and against CRM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices

96. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

97. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

98. CRM attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

99.     CRM used unfair and unconscionable means to attempt to collect the alleged debt.

100.    CRM's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mario Alvarez, prays that this Court:

A.      Declare that CRM's debt collection actions violate the FDCPA;

B.      Enter judgment in favor of Plaintiff Mario Alvarez, and against CRM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.      Grant other such further relief as deemed just and proper.

### Count IV: Violation Of 15 U.S.C. § 1681e(b) of the FCRA-Reinvestigations of Disputed Information

101.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

102.    Experian violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

103.    As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

104.    Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

105.    The Plaintiff is entitled to recovery costs and attorney's fees from Experian in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mario Alvarez, prays that this Court:

  A. Declare that Experian's credit reporting actions violate the FCRA;

  B. Enter judgment in favor of Plaintiff Mario Alvarez, and against Experian, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

  C. Or, in the alternative, enter judgment in favor of Plaintiff Mario Alvarez, and against Experian, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

  D. Grant other such further relief as deemed just and proper.

**Count V: Violation Of 15 U.S.C. § 1681i of the FCRA-Reinvestigations of Disputed Information**

106. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

107. Defendant Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to CRM; by failing to maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

108. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

109. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recovery actual damages under 15 U.S.C. § 1681o.

110. The Plaintiff is entitled to recovery costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mario Alvarez prays that this Court:

A. Declare that Experian's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Mario Alvarez, and against Experian, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Mario Alvarez, and against Experian, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## Count VI: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

111. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

112. Defendant Experian violated 15 U.S.C. § 1681s-2(b) by continuing to report the CRM representation within Plaintiff's credit file with Experian without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the CRM representation; by failing to review all relevant information regarding same; by failing to accurately respond to CRM; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the CRM representations to the consumer reporting agencies.

113. As a result of this conduct, action and inaction of CRM, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

114. Defendant CRM's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

115. Plaintiff is entitled to recover costs and attorney's fees from CRM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mario Alvarez, prays that this Court:

    A.    Declare that CRM's credit reporting actions violate the FCRA;

    B.    Enter judgment in favor of Plaintiff Mario Alvarez, and against CRM for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

    C.    Or, in the alternative, enter judgment in favor of Plaintiff Mario Alvarez, and against CRM, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

    D.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

116. Plaintiff demands a trial by jury on all Counts so triable.

Dated: April 6, 2023

Respectfully Submitted,

**HALVORSEN KLOTE**

By:    /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com